**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BENJAMIN K. TOSCANO,<br><br>       Plaintiff,<br><br>   v.<br><br>DAVE DAVEY, et al.,<br><br>       Defendants. | Case No.: 1:16-cv-01369-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION REGARDING TRANSFER<br><br>[ECF No. 11] |

Plaintiff Benjamin K. Toscano is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff declined United States Magistrate Judge jurisdiction; therefore, this action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 24, 2016, Plaintiff filed a motion regarding transfer. (ECF No. 11.) The Court construes the motion as a motion for a preliminary injunction.

**I.**

**DISCUSSION**

In his motion, Plaintiff states that he was informed by a medical psychiatric technician that he was transferring, which was a surprise to him. Plaintiff alleges that the transfer is suspicious and he believes it is being done to set him up for an assault or a murder. He requests that the transfer be investigated. (ECF No. 11)

Plaintiff next filed notices of change of address, on October 27, 2016 and November 14, 2016 respectively, indicating he was transferred from CSP-Corcoran to Pelican Bay State Prison, where he is currently housed. (ECF Nos. 12, 13.)

1

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. Univ. of Texas v. Camenisch, 451 U.S. 390, 395, 101 S. Ct. 1830, 68 L. Ed. 2d 175 (1981). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008). "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S. Ct. 1865, 138 L. Ed. 2d 162 (1997) (quotations and citations omitted) (emphasis in original).

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S. Ct. 752, 70 L. Ed. 2d 700 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Lyons, 461 U.S. at 102. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985).

The pendency of this action does not give the Court jurisdiction over prison officials in general. Summers v. Earth Island Institute, 555 U.S. 488, 491–93, 129 S. Ct. 1142, 173 L. Ed. 2d 1 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491–93; Mayfield, 599 F.3d at 969.

Plaintiff has not met the requirements for the injunctive relief he seeks in this motion. In this matter, Plaintiff's complaint has not yet been screened, and the Court has not yet determined whether he has stated any cognizable claims. No defendant has been ordered served, and no defendant has yet

made an appearance. Thus, the Court at this time lacks personal jurisdiction over any prison officials at CSP-Corcoran. It is not clear from Plaintiff's motion for preliminary injunctive relief that the same officials he has named in his complaint would even be responsible for the transfer he is challenging.

Further, now that Plaintiff is housed at Pelican Bay State Prison, any claim for injunctive relief against the officials at CSP-Corcoran, where he was formerly housed, is now moot, as those officials are no longer involved in determining his housing situation. See Holt v. Stockman, 2012 WL 259938, *6 (E.D. Cal. Jan. 25, 2012) (a prisoner's claim for injunctive relief is rendered moot when he is transferred from the institution whose employees he seeks to enjoin); see also Andrews v. Cervantes, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007).

To the extent Plaintiff believes he is in danger, he has other avenues of relief available to him, which may include a petition for writ of habeas corpus in state court. E.g., In re Davis, 25 Cal.3d 384, 387 (Cal. 1979) (writ of habeas corpus may be sought to obtain declaration and enforcement of a prisoner's rights in confinement). This particular action cannot be used by Plaintiff to obtain the relief he seeks. The seriousness of Plaintiff's allegations concerning potential harm cannot and do not overcome the jurisdictional bar. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04, 118 S. Ct. 1003 (1998). ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.")

## II.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion regarding transfer, filed October 24, 2016 (ECF No. 11), be denied.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may

result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **March 17, 2017**

UNITED STATES MAGISTRATE JUDGE