# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN K. TOSCANO,<br><br>        Plaintiff,<br><br>    v.<br><br>DAVE DAVEY, et al.,<br><br>        Defendants. | Case No.  1:16-cv-01369-DAD-SAB (PC)<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>(ECF No. 1)<br><br>THIRTY DAY DEADLINE |

Plaintiff Benjamin Toscano is a state prisoner appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Currently before the Court is Plaintiff's complaint, filed on August 31, 2016, in the United States District Court for the Northern District of California. (ECF No. 1.)  On September 13, 2016, Plaintiff's complaint was transferred to the United States District Court for the Eastern District of California. (ECF No. 4.)

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. §

1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff is a state inmate in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). The events at issue here occurred when Plaintiff was incarcerated at Corcoran State Prison ("Corcoran"). Plaintiff names the following individuals as defendants: Dave Davey, Warden of Corcoran; Scott Kernan, CDCR Director; A. De La Cruz, Captain at Corcoran; R. Ruiz, Lieutenant at Corcoran; A. Maxfield, Correctional Counselor at Corcoran; D. Edree, Jr., Correctional Counselor at Corcoran for Appeals; M. Oliveria, Correctional Counselor at Corcoran for Appeals; and K. Cribbs, AGPA Officer at Corcoran Appeals.

Plaintiff alleges that Defendants conspired to create and submit false statements and documents in an attempt to set him up for assault or murder. Plaintiff alleges that on May 19,

1   2016, Sgt. Garcia and Officer Patino issued him a fabricated CDCR 128B chrono dated
2   September 11, 2014 ("2014 chrono"), from Defendant Maxfield for an "STG-SRC committee"
3   which does not apply to him in an attempt to set him up for assault or murder. It appears that
4   Plaintiff alleges that the false statements and documents were to set him up to be assaulted or
5   murdered. Plaintiff deliberately became anti-social and ignored all inmates for over a year and a
6   half. Officials were aware of this and encouraged both active and SNY inmates to harass and
7   threaten Plaintiff.

8         On September 2, 2014, he filed a CDCR 22 request to Defendant Maxfield for a transfer
9   out of state, which Defendant Maxfield said she would look into and to allow thirty days. On
10  October 13, 2014, Plaintiff filed another CDCR 22 request to Defendant Maxfield inquiring
11  about his request for a transfer out of state, which she responded to on October 15, 2014, saying
12  that the request is pending DRB completion. Plaintiff states that Defendant Maxfield's responses
13  to Plaintiff's CDCR 22 requests do not include any of the false statements in the 2014 chrono,
14  which he contends is proof that the 2014 chrono is backdated and fabricated by Sgt. Garcia,
15  Officer Patino, and Defendant Maxfield.

16        On May 22, 2016, Plaintiff filed a CDCR 602 appeal of the 2014 chrono. On July 11,
17  2016, Defendants De La Cruz and Ruiz denied his appeal at the first level of review, stating that
18  the appeal was referred to the "hiring authority" and that pursuant to the June 6, 2016
19  memorandum, the appeal did not meet the requirement for a staff complaint. Plaintiff contends
20  that Defendants De La Cruz and Ruiz made a false statement in denying Plaintiff's appeal and in
21  avoiding investigating Sgt. Garcia, Officer Patino, and Defendant Maxfield for creating and
22  submitting the fabricated 2014 chrono to set Plaintiff up for assault or murder.

23        On August 5, 2016, Plaintiff filed his response to the appeals coordinators for review at
24  the second level. On that same date, he sent a letter to Defendant Kernan regarding the alleged
25  false statements in the 2014 chrono, but Defendant Kernan has not responded, removed these
26  documents from Plaintiff's file, or investigated the officials for creating and submitting the false
27  documents. On August 16, 2016, the appeals coordinator returned the appeal with no response
28  or rejection notice, which Plaintiff claims is a stall tactic being employed by appeals

1   coordinators.  Plaintiff contends that he has more than a dozen appeals filed and the appeals
2   coordinator returns them with no rejection notice, reply, etc.[1]

3   Plaintiff alleges that the Defendants conspired to create and submit false statements and
4   documents in an attempt to set him up for murder and assault, to deny the appeal, to fabricate
5   statements about the hiring authority to avoid investigating officials for creating and submitting
6   the 2014 chrono, to return or reject the appeal so it cannot be processed to the second level, to
7   keep the documents in his files to keep him in danger, to retaliate against him for exercising his
8   First Amendment rights in filing appeals and civil suits against officials, and to cover up these
9   violations.

10   Plaintiff seeks a declaratory judgment that Defendants' acts and practices violated his
11   rights and put him in imminent danger; a preliminary and permanent injunction requiring
12   Defendants, their agent, employees, and successors to cease retaliating and fabricating statements
13   and documents; an injunction ordering a criminal investigation and federal investigation into
14   Defendants' acts, removal of the 2014 chrono from his files, removal of current appeals
15   coordinators, Warden, Director of CDC, and officials involved in the 2014 chrono, and
16   prevention of harassment and threats by CDC officials of Plaintiff.  Plaintiff also seeks
17   compensatory damages, punitive damages, costs, and nominal damages.

## III.

## DISCUSSION

### A.   Linkage Requirement

21   Plaintiff fails to link the following Defendants to any affirmative act or omission giving
22   rise to the alleged constitutional violations: Defendant Edree, Jr., Defendant Oliveria, Defendant
23   Cribbs, and Defendant Davey.

24   There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or
25   connection between a defendant's actions and the claimed deprivation.  See Rizzo v. Goode, 423
26   U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).  Plaintiff's allegations

---

[1] The Court notes that Plaintiff filed a separate case, 1:16-cv-01551-AWI-BAM (E.D. Cal.), based on his claims involving the rejection or cancellation of his appeals.

4

must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Further, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

If Plaintiff cannot identify the Defendants by name, he must number the Doe Defendants in the complaint, e.g., "John/Jane Doe 1," John/Jane Doe 2," and allege specific acts attributed to each of the Doe Defendants, e.g., "John Doe 1 did X" and "John Doe 2 and 3 did Y," so that each numbered John Doe refers to a different specific person and their role in the alleged violations is clear. In addition, the Court cannot order service of a Doe Defendant because the United States Marshal cannot serve a Doe Defendant. Therefore, before the Court orders the United States Marshal to serve a Doe Defendant, Plaintiff will be required to identify him or her with enough information to locate the Defendant for service of process.

Plaintiff may cite exhibits in support of his allegations, but he must describe how each Defendant violated his rights in the complaint itself to state a claim. The Court notes that in Plaintiff's complaint he references the actions of additional officers who he does not name as Defendants. If Plaintiff seeks to bring claims against these officials, he must name them as Defendants and explain the link between their actions and the claimed deprivations.

**B.    Supervisory Liability**

Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676-77; Ewing v. Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Simmons, 609 F.3d at 1020-21; Jones, 297 F.3d at 934. Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009).

**C.    Failure to Protect Claim**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir.

2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (quotations omitted). Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society. Farmer, 511 U.S. at 833-34 (quotation marks omitted); Clem v. Lomeli, 566 F.3d 1177, 1181 (9th Cir. 2009); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. Farmer, 511 U.S. at 834, 841 (quotations omitted); Clem, 566 F.3d at 1181; Hearns, 413 F.3d at 1040.

Plaintiff's allegations fail to give rise to a cognizable claim for failure to protect under the Eighth Amendment. Plaintiff alleges that Defendant Maxfield's 2014 chrono that was given to him on May 19, 2016, has false statements. He states that it was for an "STG-SRC committee" which does not apply to him and that it was an attempt to set him up for assault and/or murder. Plaintiff contends that Defendant Maxfield's statement that Plaintiff requested a transfer to SNY and will go to any SNY facility is false and fabricated. In Plaintiff's attached CDCR 602 Form, he states that the 128B Chrono was fabricated to attempt to house him in SNY, which puts him in danger. However, Plaintiff does not explain why being in SNY puts him in danger. Therefore, Plaintiff fails to state a claim for failure to protect under the Eighth Amendment.

**D.    Retaliation**

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). Also protected by the First Amendment is the right to pursue civil rights litigation in federal court without retaliation. Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took

1  some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and
2  that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the
3  action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d
4  559, 567-68 (9th Cir. 2005).

5  The causation element of a First Amendment retaliation claim requires the inmate
6  plaintiff to show that protected conduct was the substantial or motivating factor underlying the
7  defendant's adverse action. Brodheim v. Cry, 584 F.3d at 1271. "Recognizing that the ultimate
8  fact of retaliation for the exercise of a constitutionally protected right rarely can be supported
9  with direct evidence of intent that can be pleaded in a complaint, [citation omitted], courts have
10 found sufficient complaints that allege a chronology of events from which retaliation may be
11 inferred." Murphy v. Lane, 833 F.2d 106, 108 (7th Cir. 1987) (quoting Benson v. Cady, 761
12 F.2d 335, 342 (7th Cir. 1985).

13 Based on the allegations in the amended complaint, Plaintiff has not demonstrated that
14 the filing of any inmate grievance was the but-for cause of any alleged actions taken by
15 Defendants. Plaintiff alleges that Defendants retaliated against him for exercising his rights to
16 file appeals and civil suits against officials. It is not clear from the complaint which Defendants
17 Plaintiff is alleging retaliated against him. Plaintiff's allegations are not sufficient to establish a
18 causal connection between Plaintiff's protected conduct and the alleged adverse actions from
19 which a reasonable trier of fact could infer that Defendants' actions were retaliatory. Therefore,
20 Plaintiff fails to state a claim for retaliation under the First Amendment.

21 **E.  Fourteenth Amendment**

22 The Fourteenth Amendment's Due Process Clause protects persons against deprivations
23 of life, liberty, or property; and those who seek to invoke its procedural protection must establish
24 that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). Plaintiff
25 does not have a protected liberty interest in the processing of his appeals, and therefore, he
26 cannot pursue a claim for denial of due process with respect to the handling or resolution of his
27 appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d
28 639, 640 (9th Cir. 1988)).

Plaintiff may be able to state a claim under the Eighth Amendment for deliberate indifference for failure to protect against defendants who reviewed his inmate appeals to the extent he can also show that they had the authority to intercede and/or to take corrective action. He must meet his burden as to the elements of a claim for deliberate indifference for failure to protect, and as discussed above, he has not yet met that burden here.

### F. Conspiracy

Although Plaintiff makes references to a conspiracy by prison officials to violate his constitutional rights, Plaintiff fails to state a cognizable conspiracy claim.

To state a claim for conspiracy under section 1983, Plaintiff must show the existence of an agreement or a meeting of the minds to violate his constitutional rights, and an actual deprivation of those constitutional rights. Avalos v. Baca, 596 F.3d 583, 592 (9th Cir. 2010); Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001).

### G. Declaratory Relief

Plaintiff seeks a declaratory judgment that his rights were violated and that Defendants' acts and practices put Plaintiff in imminent danger. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any Defendant violated Plaintiff's rights and that Defendants' acts and practices put Plaintiff in imminent danger is unnecessary.

### H. Injunctive Relief

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the

8

1 least intrusive means necessary to correct the violation of the Federal right." "'A federal court
2 may issue an injunction if it has personal jurisdiction over the parties and subject matter
3 jurisdiction over the claim; it may not attempt to determine the rights of persons not before the
4 court.'" Price v. City of Stockton, 390 F.3d 1105, 1117 (9th Cir. 2004). Indeed, a court's duty
5 to protect inmates' constitutional rights does not confer the power to manage prisons or the
6 capacity to second-guess prison administrators, a task for which courts are ill-equipped.
7 Toussaint v. McCarthy, 801 F.2d 1080, 1086 (9th Cir. 1986), abrogated on other grounds by
8 Sandin v. Conner, 515 U.S. 472 (1995). Plaintiff's request for injunctive relief in the form of a
9 criminal investigation, federal investigation, and removal of the officials involved in this case
10 cannot be granted because there is no ability to grant the requested relief. Further the Court
11 cannot grant Plaintiff's request for relief ordering the appeals coordinators to process his appeals,
12 as that is not the subject of this case, and in fact, is the subject of a separate case.

13 Further, because Plaintiff is no longer incarcerated at Corcoran, he lacks standing to
14 pursue his claims for injunctive relief against some of the named Defendants. Summers v. Earth
15 Island Institute, 555 U.S. 488, 493 (2009); Mayfield v. United States, 599 F.3d 964, 969-73 (9th
16 Cir. 2010); Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001). As Plaintiff has been moved
17 from Corcoran to Pelican Bay State Prison, his request for injunctive relief is moot against the
18 Corcoran officials. Therefore, Plaintiff is limited to seeking monetary damages from Defendants
19 who are Corcoran officials. However, Plaintiff also names CDCR Director Scott Kernan as a
20 Defendant who is not an official at Corcoran and Plaintiff is being given the opportunity to
21 amend his complaint. Therefore, Plaintiff's request for injunctive relief is not necessarily moot
22 against Defendant Kernan. Accordingly, if Plaintiff chooses to file an amended complaint, he
23 may amend his request for injunctive relief.

24     **I.**     **Official Capacity Claims**

25 Plaintiff is advised that "[t]he Eleventh Amendment bars suits for money damages in
26 federal court against a state, its agencies, and state officials acting in their official capacities."
27 Aholelel v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). However, "[a] state
28 official in his or her official capacity, when sued for injunctive relief, [is] a person under § 1983

because 'official-capacity actions for prospective relief are not treated as actions against the State.'" Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 n.10 (1989). Also, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacities. Hafer v. Melo, 502 U.S. 21, 30 (1991); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003).

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed August 31, 2016, is dismissed for failure to state a

   claim;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated: **April 4, 2017**

UNITED STATES MAGISTRATE JUDGE