# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN K. TOSCANO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DAVE DAVEY, et al.,<br><br>　　　　Defendants. | Case No. 1:16-cv-01369-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS THAT ACTION BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br>(ECF No. 21)<br><br>**THIRTY DAY DEADLINE** |

**I.**

**INTRODUCTION**

Plaintiff Benjamin Toscano is a state prisoner appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.

Currently before the Court is Plaintiff's second amended complaint, filed on September 25, 2017. (ECF No. 21.)

**II.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

### III.

### COMPLAINT ALLEGATIONS

Plaintiff is a state inmate in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). The events at issue here occurred when Plaintiff was incarcerated at Corcoran State Prison ("Corcoran"). Plaintiff names the following individuals as defendants: (1) A. De La Cruz, Captain at Corcoran; (2) R. Ruiz, Lieutenant at Corcoran; (3) J. Garcia, Sergeant Institutional Gang Investigator at Corcoran; (4) R. Patino, Institutional Gang Investigator at Corcoran; (5) A. Maxfield, Correctional Counselor at Corcoran; (6) R. Broomfield, Correctional Captain at Corcoran; (7) D. Goree, Jr., Appeals Coordinator at Corcoran; and (8) M. Oliveria, Appeals Coordinator at Corcoran.

Plaintiff characterizes his claim as for preparing false documents to commit assault/murder and refusing to remove them from his files/records. Plaintiff's allegations are

largely similar to the allegations of his original complaint and first amended complaint, so the Court will not repeat them in detail.

Plaintiff states that his complaint is simple. Plaintiff alleges that he cannot go to general population because of safety issues, nor can he go to a sensitive needs yard ("SNY"). Nevertheless, Correctional Counselor A. Maxfield, Sergeant J. Garcia, and Investigator R. Patino back-dated and fabricated statements on a CDC-128 B Chrono to have Plaintiff placed in SNY.

On May 22, 2016, Plaintiff filed a 602 appeal as he did not request SNY placement. This was an attempt to set Plaintiff up for assault/murder. Captain A. De La Cruz and Lieutenant R. Ruiz conducted the first level response, and denied the appeal. They claim the appeal was referred to the hiring authority, and did not meet the requirements for a staff complaint.

Plaintiff sought a second level response. On August 16, 2016, Appeals Coordinator D. Goree, Jr. returned the appeal with no response, so Plaintiff sent it back. On August 24, 2016, Plaintiff received a rejection notice from the Appeals Coordinator M. Oliveria, rejecting the appeal. Plaintiff again resubmitted the appeal.

On September 14, 2016, Plaintiff received an amended first level response that was denied by Lieutenant J.C. Garcia and Captain Broomfield, who ignored Plaintiff's evidence. Garcia cannot participate in any review due to his bias.

On October 18, 2016, Plaintiff was transferred to Pelican Bay State Prison, as restricted custody general population modified step down program. Nevertheless, the CDC-128 B Chrono remains in his file.

Plaintiff asserts a claim for violation of the First, Eighth, and Fourteenth Amendments.

## III.

## DISCUSSION

The fulcrum or focus of Plaintiff's complaint is that he was placed in danger through the preparation of falsified documents stating that he requested to go to a SNY.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide

prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (quotations omitted). Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society. Farmer, 511 U.S. at 833-34 (quotation marks omitted); Clem v. Lomeli, 566 F.3d 1177, 1181 (9th Cir. 2009); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. Farmer, 511 U.S. at 834, 841 (quotations omitted); Clem, 566 F.3d at 1181; Hearns, 413 F.3d at 1040.

Here, Plaintiff's allegations fail to give rise to a cognizable claim for failure to protect under the Eighth Amendment. Plaintiff has repeatedly pleaded extensive details regarding the CDC-128 B Chrono at issue and his attempts to show that it was falsified and have it removed from his records or files through the inmate appeals process. However, the Court has repeatedly explained to Plaintiff that he has not pleaded facts from which the Court can reasonably infer that he was in danger of serious harm by a SNY placement, and that any defendant knew of this danger and acted to have him placed in SNY regardless of that knowledge. Plaintiff only makes conclusory allegations that the SNY placement was dangerous for him, and that the false chrono was created to have him placed in SNY. But there are no facts in Plaintiff's pleadings showing that any defendant had actual knowledge of a substantial risk of serious harm to him if he was placed in a SNY, and that they acted or failed to act despite knowing of the alleged danger to him. Therefore, Plaintiff fails to state a claim for failure to protect under the Eighth Amendment.

The Court has previously addressed the deficiencies in Plaintiff's claims for retaliation in violation of the First Amendment, and for a violation of the Fourteenth Amendment's Due Process Clause. Plaintiff continues to fail to state any claim for those violations. Regarding retaliation, although Plaintiff pleads facts regarding the filing of inmate appeals, he has not alleged facts showing any adverse actions due to retaliatory conduct to him. Plaintiff's

allegations that his appeals were wrongfully denied or improperly processed are not sufficient to show retaliation in violation of the First Amendment.

As to Plaintiff's allegations that his appeals were wrongfully handled, he does not have a protected liberty interest in the processing of his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Nor can Plaintiff state any claim based on the failure for the appeals reviewers' to intercede or take corrective action to protect him, as he has not shown that any defendants were made aware of the serious risk of harm to him through the appeals review process, and that they nevertheless failed to address that risk, to the extent they could do so.

For these reasons, Plaintiff has failed to state a cognizable claim upon which relief may be granted in the second amended complaint.

**IV.**

**CONCLUSION AND ORDER**

Plaintiff was previously notified of the applicable legal standards and the deficiencies in his pleadings, but has been unable to state any cognizable claim. Based upon the allegations in Plaintiff's original and amended pleadings, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for a violation of his constitutional rights, and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may not deny leave to amend when amendment would be futile.") Therefore, further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Accordingly, it is HEREBY RECOMMENDED that the instant action be dismissed, with prejudice, for the failure to state a claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate

Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 19, 2017**

_____
UNITED STATES MAGISTRATE JUDGE